Fecteau, J.
This case presents a claim under the Federal Civil Rights Act, 42 U.S.C. Sec. 1983, which alleges, inter alia, a denial of the equal protection of the laws in connection with a matter involving school discipline. It came on for hearing on the plaintiffs application for a preliminary injunction on March 1, 2000, and it was argued by counsel; thereupon, in consideration of the pleadings, affidavits and arguments of the parties in support of and in opposition to the entry of a preliminary injunction, the court makes the following findings of fact and rulings of law. In determining whether to grant a preliminary injunction, this court considers the balancing test set forth in Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). See also Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990).
1. Failure to issue the preliminary injunction will not subject the moving party to a substantial risk of irreparable harm, i.e., loss of rights not capable of remediation by a final judgment in law or equity should the moving party prevail after a full hearing on the merits. The plaintiff has failed to satisfy his burden of proof that the alternative education plan allowed by the defendant amounts to irreparable harm.
2. There is a likelihood that the moving party will not be successful after a full hearing on the merits.
*304 The plaintiff contends that the two students in question, the minor plaintiff and another student referred to as Jane Doe. are similarly situated and have been treated disparately, with the minor plaintiff continuing to serve a suspension and the other student having been allowed to re-enter the school population. The defendant contends that the other student is not similarly situated and that good faith observance of the federal and state “special needs” laws justify, if not compel, a disparate result.
The question presented involves a matter in which the defendant is given discretion by statute, pursuant to G.L.c. 71, Sec. 37H1/2. in connection with the original discipline ordered by her as against the plaintiff and the other student. In contrast, the matter involving the other student which led to her readmission to school, for which the defendant contends she is not given similar discretion, as a matter of law, pursuant to G.L.c. 71B, Sec. 3. In particular, the defendant contends that the specials needs and risk assessment of the other student showed that the most favorable education plan was for a return of the child to the regular education program, and, that the student presented a low risk of injury. The defendant points to the statutory language that compels maximum possible development opportunity and in the least restrictive environment: unless it could be shown that the student was a substantial likelihood of injury to herself or others, the defendant believes she is compelled to provide such education. This indicates at this stage, at least, that the defendant did not act arbitrarily or capriciously, but rather was attempting, in good faith, to follow the legal requirements as they affect these two students. Indeed, the essential thrust of the plaintiffs application for preliminary relief is not the suspension, per se; he seeks this preliminary relief largely on the basis of the disparate treatment which arose on January 28, 2000, upon the readmission of the other student. The plaintiff seeks to use the. post-readmission behavior of the other student as evidence to show that the original suspension decisions in these two cases was erroneous, in that the behavior of other student, during the month of readmission, has not caused any disruption of the school and shows that the general welfare of the school would notbe substantially interfered with. This approach appears to oversimplify the issue and misplaces the analysis, in that this court must look at the reasons for the superintendent’s decision when made, not to events as they may later occur, assuming relevance. Moreover, such an analysis must take into account that each student is different, that the superintendent of schools has taken action with full knowledge and understanding of the students and in consideration of the duties and responsibilities she has to them and the school's population of students, faculty and staff.
3.The granting of the preliminary injunction will not create a substantial risk of irreparable harm to the party opposing the issuance of the injunction. The suspension in question was found by the defendant to be in the best interest of the school in question but that a substantial risk of irreparable harm has not been shown by the defendant should an injunction issue.
4. There is a likelihood that the party opposing the issuance of the injunction will be successful after a full hearing on the merits, including, but not limited to the reasons expressed in paragraph 2 above.
5. The court concludes that the risk of irreparable harm to the moving party, viewed in the light of that party’s chances of success on the merits of the case, does not outweigh the probable harm to the opposing party, viewed in the light of that party's likelihood of prevailing on the merits of the case.
6. The granting of the preliminary injunction will not best serve the public interest.
7. Accordingly, based upon the foregoing findings of fact and rulings of law, the application for the entry of the preliminary injunction is DENIED.